**NOT FOR PUBLICATION**

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30243 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00079-TSZ-1 |
| v. | |
| MARIO KEITH BROOKS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted November 5, 2019**
Seattle, Washington

Before:  GOULD and NGUYEN, Circuit Judges, and R. COLLINS,*** District Judge.

Appellant, Mario Keith Brooks, appeals the district court's denial of his motion to suppress and his subsequent criminal conviction. This Court has

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's decision de novo, *United States v. Fowlkes*, 804 F.3d 954, 960 (9th Cir. 2015), we affirm.

On January 13, 2018, the Tukwila Police Department ("TPD") received a 911 call from a resident ("Caller") of a local apartment complex. The Caller reported that there was suspected drug activity taking place in the parking lot of her complex as two men were behaving suspiciously. While watching the men, the Caller reported that different people were approaching the men and, after a brief interaction, leaving. Additionally, the Caller noted that during one of the interactions she witnessed money exchanging hands. TPD responded to the call with four officers. This apartment complex had become riddled with trespassers and illegal activity, and police involvement was requested by management staff in a formal agreement. The TPD officers arrived on scene and approached the two men described by the Caller. The TPD officers briefly questioned the Appellant. Afterwards, the TPD officers called in Appellant's name and date of birth to the dispatcher. The dispatcher responded with an unconfirmed state patrol warning that Appellant was armed, dangerous, and a threat to law enforcement. According to the dispatcher, Appellant previously attempted to pull a loaded firearm when contacted by police. After receiving the warning, the TPD officers asked the Appellant if they could frisk him and he voluntarily consented.

18-30243

The district court's denial of the Appellant's motion to suppress and Appellant's subsequent criminal conviction are supported by the record. The question presented is whether the evidence, the firearm in Appellant's possession, was discovered pursuant to a lawful frisk. Here, the frisk of Appellant was supported on two grounds. First, the TPD officers had reasonable suspicion to believe the Appellant was armed and dangerous, warranting the frisk. *Terry v. Ohio*, 392 U.S. 1, 24 (1968); *Thomas v. Dillard*, 818 F.3d 864, 875–76 (9th Cir. 2016). The TPD officers received a caution that the suspect previously attempted to pull a gun on a law enforcement officer. Additionally, Appellant gave inconsistent answers when asked if he had any weapons. This bolstered the TPD officers' reasonable suspicion to believe Appellant was armed and dangerous.

Second, Appellant consented to the frisk. Where an individual voluntarily consents to a search, the Fourth Amendment is not implicated. *Katz v United States*, 389 U.S. 347, n.22 (1967); *United States v. Russell*, 664 F.3d 1279, 1281 (9th Cir. 2012). Appellant responded with a clear and unequivocal "sure" when the TPD officers asked to frisk him, and the record supports that his consent "was given 'freely and voluntarily.'" *Russell*, 664 F.3d at 1281 (quoting *United States v. Chan-Jimenez*, 125 F.3d 1324, 1327 (9th Cir. 1997)).

**AFFIRMED**.

18-30243

18-30243